354 So.2d 942 (1978)
TOWN OF REDINGTON SHORES, a Florida Municipal Corporation, and Pinellas County, a Political Subdivision of the State of Florida, Appellants,
v.
REDINGTON TOWERS, INC., a Florida Corporation, Appellee.
No. 76-909.
District Court of Appeal of Florida, Second District.
February 3, 1978.
*943 Gerald A. Figurski, Asst. County Atty., Clearwater, for appellant Pinellas County.
William H. Fleece of Fleece, Rhoades & Werly, St. Petersburg, for appellant Town of Redington Shores.
Richard J. McCrory of Owen & McCrory, St. Petersburg, for appellee.
BOARDMAN, Chief Judge.
Appellee/plaintiff, Redington Towers, Inc., filed this action seeking a declaration of its rights in a dispute with appellants/defendants, Town of Redington Shores and Pinellas County, over sewage and garbage service charges assessed against Redington Towers.[1] Redington Towers is the owner of a condominium apartment building consisting of 156 condominium apartments located in Redington Shores in Pinellas County. On January 23, 1974 appellee paid to the town $22,214 for the right to connect the condominium project to the sewer system. As of October 27, 1975 sixty-seven apartments were occupied and being used and the remaining eighty-nine apartments were not occupied or in any way being used. Since the completion of the condominium appellee has paid or tendered to the town the charges for sewer and garbage services applicable to apartments which were occupied.
Chapter 3, Section 5 of the Code of the Ordinances of the Town of Redington Shores provided that sewer service charges shall begin on the date the user is connected to the sewer main. The sole point presented on appeal to this court is whether the trial court correctly found that sewer charges may not be assessed on unoccupied, unused units in a condominium building which is connected to the sewer system. The trial judge ruled that "these 89 [unoccupied] units are not in any way benefitted by the sewer system of the Town of Redington Shores, and to require the payment of sewer charges would require the imposition of a tax, which the Court finds would be invalid." We disagree and hold that the unoccupied units are subject to assessment.
Appellee argues that it would be an unconstitutional deprivation of its property rights to construe the city ordinance to cause appellee to be charged for unoccupied condominium units in that no benefit was received by appellee from any service to those units. The constitutional proscription against deprivation of property rights does not, however, extend to sewage charges which are reasonably related to the value received from "the service rendered either as actually consumed or as readily available *944 for use ..." Patton-Ferguson Joint Authority v. Hawbaker, 14 Pa.Cmwlth. 402, 322 A.2d 783, 786 (1974). See also, 61 A.L.R.3d 1236 (1975, Supp. 1977). Appellee's argument fails to consider that service is provided to each unit by the mere availability of use upon connection of the building with the sewage system. Furthermore, it is not necessary to restrict the term "use" to flow of sewage.
The realities of sewer maintenance and financing require that the availability of sewer services after physical connection has been made be interpreted as tantamount to actual "use." ... The occupancy or vacancy of the buildings upon real property subjected to a sewer connection or service charge is immaterial to the obligation of the owner to pay those charges once proof has been presented that the owner has connected to the system.
Lake Stevens Sewer District v. Village Homes, Inc., 18 Wash. App. 165, 566 P.2d 1256, 1262-63 (1977). Under the circumstances of this case we hold that each unit of the condominium building, whether occupied or unoccupied, is being provided a service and is subject to the applicable sewage rate.
We do not rule on any of the other issues presented to and as of yet undisposed of by the trial court.[2]
Reversed and remanded for proceedings consistent with this opinion.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] Appellee and the town agreed that the court's resolution on the issue of the sewage fees would govern the rights of the parties on the issue of garbage fees on unoccupied units. We do not then consider the separate issue of assessment of fees for garbage services.
[2] The parties entered into a pretrial statement which, among other things, set out six issues to be determined by the court. The manner in which the trial judge disposed of the controversy necessitated resolution of only one of those issues. Because we reverse his order, the other issues are now ripe for consideration.